IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTOINE GROUP LLC d/b/a ANTOINE DENTAL CENTER LLC and BEHZAD NAZARI, DDS | § § § § |
| v. | §   Civil Action No. 4:23-cv-02524 |
| OPULENT DIGITAL SPECIALISTS, LLC | § § |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

1. This lawsuit is brought by Plaintiff **Antoine Group LLC d/b/a Antoine Dental Center LLC** ("Antoine Dental") and Plaintiff **Behzad Nazari, DDS** ("Dr. Nazari") against Defendant **Opulent Digital Specialists, LLC** ("Opulent") for breach of contract and violations of the Texas Deceptive Trade Practices Act ("DTPA").

### I. PARTIES

2. Plaintiff **Antoine Group LLC d/b/a Antoine Dental Center LLC** ("Antoine Dental") is a Texas limited liability company doing business in Harris County, Texas.

3. Plaintiff **Behzad Nazari, DDS** ("Dr. Nazari") is a resident of the State of Texas.

4. Defendant **Opulent Digital Specialists, LLC** ("Opulent") is a non-Texas limited liability company which has been served.

### II. JURISDICTION & VENUE

5. This Court has jurisdiction over the controversy under 28 USC § 1332 because there is complete diversity between Plaintiffs and Defendant, Defendant is not a resident of the State of Texas, and the amount in controversy is greater than $75,000.

6. This Court has venue over this case under 28 USC § 1391(b)(2) because all or a substantial part of the events giving rise to this lawsuit occurred in the district.

### III. FACTS

7.  Plaintiff Antoine Dental is a dental practice based in Houston, Texas. Plaintiff Antoine Dental is owned by Plaintiff Dr. Nazari. Plaintiff Dr. Nazari is a dentist licensed to practice in the State of Texas.

8.  In November and December 2022, Enzo Calgaro, a representative of Defendant Opulent, had multiple communications including email communications with Plaintiffs about selling an Amann Girrbach brand Ceramill DNA Motion 3 Milling Machine to Plaintiffs. The milling machine is a piece of dental equipment used as a milling machine for crowns (Zirconia, Emax) dentures, AOX Zirconia, and implant abutments, and other similar dental implants. Among these communications, on 11/2/2022, Mr. Calgaro emailed Plaintiffs as follows:

> *Opulent Digital Specialists was founded by leaders in the CAD/CAM Industry to create a new standard of customer service and support. We specialize in making CAD/CAM easy for new users and providing support and advanced training for labs and dental offices. We are here to support and help guide you to the perfect fit for your business. As always, we are available 7 days a week on evenings, holidays and weekends. I can personally be reached at () via phone/text or feel free to email me.*

Mr. Calgaro also represented in an email on 11/2/2022 that training and support would be provided with the contemplated purchase, including that the purchase would include the following:

> ***Installation, Training & Support***
> *4 Days Onsite*
> *Conducted by an Opulent (Amann Girrbach Certified) Technician*
> *Ceramill Matik & Match 2 CAM Basic Training*
> *Ongoing Support through Opulent and Amann Girrbach*
> *24/7 Support Through Opulent*
> *Pace and NADL CE Certified*
> *Ongoing Training Available*

9.  In early December 2022, Mr. Calgaro verbally represented that the equipment would be delivered within 6 to 8 weeks in order to dissuade Plaintiffs from ordering from a competitor.

10. Defendant Opulent represented that Plaintiffs would not only have increased volume with

the use of the equipment but would also have significantly decreased expenses. Through Mr. Calgaro, Defendant Opulent provided a calculation to illustrate the represented savings. This calculation was in the form of a table titled "Monthly Return on Investment" which represented that if Plaintiffs purchased the milling machine, their dental practice would save $5,303.62/month, and potentially more depending on how much the machine was used.

11.     As a part of providing Plaintiffs with information about the proposed transaction and the benefits it would provide, Defendant Opulent issued a quote dated 12/22/2022 which stated that delivery would be made within "eight to ten weeks from receiving payment."

12.     On or about 12/30/2022, Plaintiff Antoine Dental entered into an agreement with Defendant Opulent to purchase the milling machine for $95,990.

13.     On the recommendation of Defendant Opulent, on or about 12/27/2022, Plaintiff Dr. Nazari entered into a financing agreement with TIAA Bank under which Plaintiff Dr. Nazari financed the purchase of the milling machine on behalf of Plaintiff Antoine Dental by borrowing approximately $95,990 from TIAA Bank to pay Defendant Opulent the purchase price.

14.     Although certain accessories for the milling machine were ultimately delivered to Plaintiff Antoine Dental, the milling machine itself was never delivered. In an email on 2/7/2023, Bob Young, a representative of Defendant, acknowledged that the promised delivery dates were not met and said with respect to issues completing delivery of the equipment that "*we are at the mercy of the manufacturers*." As of 4/5/2023, the milling machine had not even been sent out for shipment yet. The promised training was never provided. The profits/savings that Defendant represented would result from the purchase was never obtained.

15.     On 4/28/2023, Jesse Zamarripa through Courtney Yates, VP of Amann Girrbach, president of Defendant Opulent represented that Plaintiffs would receive a refund for the purchase because the equipment had not been delivered. However, no refund has been received.    Plaintiffs   left

the parts received in their original packaging and remains ready, willing, and able to return the items received.

16. In August 2023, Plaintiffs learned from Amann Girrbach that Defendant Opulent had never submitted an order for the milling machine or payment for the milling machine to Amann Girrbach. Amann Girrbach only delivers equipment upon receipt of payment. For around 4 months beginning in December 2022, Defendant Opulent expressly and impliedly represented to Plaintiffs that it had procured the milling machine and that delivery was forthcoming. Each of those representations was false. Defendant Opulent concealed the fact that it had never even been ordered from the manufacturer in order to prevent Plaintiffs from seeking a machine from another supplier.

## IV-A. CAUSE OF ACTION – DTPA VIOLATIONS

17. Based on the pertinent facts set forth in this Complaint, Plaintiffs bring a claim against Defendant for violations of the Texas Deceptive Trade Practices Act ("DTPA"), specifically for violations of TEX. BUS. & COM. CODE § 17.46(b)(5) & (24).

18. On or about 11/2/2022, Defendant Opulent made multiple representations about the qualities and characteristics of the goods and services that they would provide as described above including that: (a) Defendant Opulent would help Plaintiffs find a "perfect fit" for Plaintiffs' needs, (b) Defendant Opulent would provide training to Plaintiff on how to use the equipment, and (c) the equipment would provide Plaintiff with substantial savings of at least $5,303.62/month and more depending upon usage. None of these representations were true.

19. On or about 12/22/2022, Defendant Opulent represented to Plaintiffs that the milling machine would be delivered within eight to ten weeks of payment. Defendant also verbally represented that delivery would in fact happen within 6 to 8 weeks. Payment was made on or about 12/27/2022, but the milling machine was never received. Defendant's representation that the milling machine would be received within eight to ten weeks from receiving payment was

false. Not only was the timeframe false but the machine had never even been ordered from the manufacturer. Additionally Defendant Opulent had not submitted payment to Amann Girrbach which only ships equipment on receipt of payment despite the fact that Defendant Opulent had received the purchase price from TIAA Bank. Defendant represented that training would be provided but no training was ever provided.

20. Defendant's representations regarding the timing of delivery and the qualities and characteristics of the goods that would be delivered were intertwined with direct representations of present facts, specifically that Defendant had ordered a milling machine from Amann Girrbach. Defendant never ordered such a machine, and as noted above Defendant never delivered payment to Amann Girrbach despite the fact that Defendant received payment from TIAA Bank and Amann Girrbach only ships upon receiving payment. Defendant knew it had not ordered the machine and that Plaintiff was relying day by day on its representations. Defendant had special knowledge that the machine had not been ordered and that it would be impossible to deliver the machine.

21. Plaintiffs relied on Defendant's representations in entering into the transaction to Plaintiffs' detriment.

22. *Damages*: With respect to Plaintiffs' DTPA claim, Plaintiffs seek the following relief from Defendant: (1) actual damages including but not limited to benefit-of-the-bargain damages, out-of-pocket damages, mitigation damages, and lost profits, (2) treble damages, (3) reasonable and necessary attorney's fees under Tex. Bus. & Com. Code § 17.50(d), (4) prejudgment and postjudgment interest, and (5) costs.

### IV-B. CAUSE OF ACTION – BREACH OF CONTRACT

23. Based on the pertinent facts set forth in this Complaint, Plaintiffs bring a claim against Defendant for breach of contract.

24. Defendant sold the milling machine to Plaintiffs but never delivered the machine to

Plaintiffs. Defendant agreed and represented that the milling machine would be delivered within a 8 to 10 weeks. Additionally, absent a specific date for delivery, it is implied into the contract that the milling machine would be delivered within a reasonable time per TEX. BUS. & COM. CODE § 2.309(a). 8 to 10 weeks is at the very outer bounds of what a reasonable time for delivery of the equipment would be. 10 weeks after 12/27/2022 would be 3/7/2023, but no milling machine was delivered by that date, or at all.

25. *Damages*: With respect to Plaintiffs' breach of contract claim, Plaintiffs seek the following relief from Defendant: (1) actual damages including but not limited to benefit-of-the-bargain damages, out-of-pocket damages, mitigation damages, and lost profits, (2) reasonable attorney's fees under TEX. CIV. PRAC. & REM. CODE § 38, (3) prejudgment and postjudgment interest, and (4) costs.

## V. CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiffs' recovery and the claims made the subject of this suit have occurred, have been performed, or have been waived or excused.

## VI. AMENDMENT & ALTERNATIVE PLEADING

27. Plaintiffs reserve the right to amend this Complaint as discovery progresses, as new information is discovered, and as further allowed by the Federal Rules of Civil Procedure. The claims asserted in this Complaint should also be construed as (counter-)defenses, as appropriate. Where appropriate, the claims and defenses in this Complaint are pled in the alternative

## VII. PRAYER

Plaintiffs pray that citation be issued for Defendant to appear and answer, and that the Court award Plaintiffs relief from Defendant including but not limited to:

(1) Actual damages including but not limited to benefit-of-the-bargain damages, out-of-pocket damages, mitigation damages, and lost profits;
(2) Treble damages under the DTPA;

(3) Attorney's fees; and
(4) Statutory and equitable prejudgment interest and postjudgment interest, and costs.

Plaintiffs also pray for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ Charles R. Parker
Charles R. Parker
Charlie@parkersanchez.com
Federal Bar # 2314
C. Anderson Parker
Andy@parkersanchez.com
Federal Bar # 567726
Cooke Kelsey
Cooke@parkersanchez.com
Federal Bar # 2896155
Parker & Sanchez PLLC
700 Louisiana St., Suite 700
Houston, TX 77002
(713) 659-7200 (P)

Wayman L. Prince
Wayman@wlplaw.com
Federal Bar # 7315
Law Offices of Wayman L. Prince
9111 Katy Freeway, Suite 301
Houston, TX 77024
(713) 467-1659

## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of August, 2023, a true and correct copy of this instrument was served upon all parties *via Email* in compliance with the Federal Rules of Civil Procedure.

/s/ Charles R. Parker
Charles R. Parker