UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTOINE GROUP DBA ANTOINE DENTAL CENTER, LLC AND BEHZAD NAZARI, DDS §§§§ | |
| *Plaintiffs*, §§ | |
| v. § | CIVIL ACTION NO. 4:23-cv-2524 |
| § | |
| OPULENT DIGITAL SPECIALISTS LLC AND AMANN GIRRBACH NORTH AMERICA, LP §§§§§ | |
| *Defendants.* § | |

**COUNTER-PLAINTIFF OPULENT DIGITAL SPECIALISTS LLC'S RESPONSE IN OPPOSITION TO COUNTER-DEFENDANTS' PLAINTIFFS' 12(B)(6) MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

1. Counter-plaintiff Opulent Digital Specialists LLC files this Response in Opposition to Counter-defendants Antoine Group DBA Antoine Dental Center, LLC and Behzad Nazari, DDS's "Plaintiffs' 12(b)(6) Motion to Dismiss Defendnat's Counterclaims" (herein "Counter-defendants Motion") and shows as follows:

**INTRODUCTION**

2. Essentially, Counter-defendants terminated the parties' agreement then filed suit alleging that Counter-plaintiff breached. Counter-plaintiff filed a counterclaim alleging that Counter-defendants breached by improperly terminating the agreement.

3. At the heart of Counter-defendants' Motion is Counter-defendants belief that only they are entitled to seek affirmative relief on claims that are determinative on questions of fact. Counter-defendants cite *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, Civil Action No. 3:18-CV-0587-N, 2019 U.S. Dist. LEXIS 170933, at *4 (N.D. Tex. 2019), an inapplicable

declaratory judgment case, for the proposition that Counter-plaintiff's causes of action should be dismissed as repackaged defenses. To the contrary, Counter-plaintiff's two causes of action are properly pled breach of contract claims seeking affirmative relief.

## STANDARD OF REVIEW

4. Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted."[1] Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."[2] Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[3] Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "specific facts are not necessary, the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

## APPLICABLE FACTUAL ALLEGATIONS

5. The parties entered into an agreement on December 20, 2022, in which Counter-plaintiff sold Counter-defendants services and equipment (the "Equipment").[4]

6. The Agreement did not specify a date of delivery for the services or equipment but instead provided an estimated date of delivery eight to ten weeks after receiving payment.[5]

---

[1] Fed.R.Civ.P. 12(b)(6).
[2] *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).
[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[4] Opulent Digital Speciates LLC's First Amended Answer to Plaintiffs' First Amended Complaint ("Complaint") and First Amended Counterclaim at ¶ 45
[5] *Id.* at ¶ 47

7. Although the Agreement provided an optimal estimated delivery period, it is not unusual or uncustomary for the delivery of specialized medical equipment to be delayed beyond estimates made at the time of sale, which is what occurred in this matter, which is why only estimates can be provided at the time of purchase.[6]

8. On March 23, 2023, after discussing the matter with Counter-defendants and in consideration of the delay, Counter-plaintiff upgraded the order to a "Matik Production Unit". Counter-plaintiff informed Counter-defendants that they would be provided with an estimated delivery date for the Equipment when they had one all of which was accepted by Counter-defendant.[7]

9. As of April 5, 2023, the Counter-plaintiff had partially performed by delivering some but not all of the equipment.[8]

10. On April 15, 2023, having received some of the Equipment and a free upgrade in equipment, a representative of Counter-defendants sent an email to Counter-plaintiff demanding that Counter-plaintiff provide a full refund to be paid to TIAA Bank within fifteen (15) days; however, the email did not expressly cancel or terminate the Agreement, nor did Counter-defendants address what they intended to do with the equipment they had already received.[9] On April 17, 2023, Counter-defendants sent a notice of termination of the Agreement to Counter-plaintiff.[10]

---

[6] *Id.* at ¶ 48
[7] *Id.* at ¶ 53
[8] *Id.* at ¶ 54
[9] *Id.* at ¶ 55
[10] *Id.* at ¶ 56

11. Counter-defendants' conduct has eliminated any value Counter-plaintiff had in the parties' Agreement and caused Counter-plaintiff to suffer economic loss in the form of lost profits and incidental damages.[11]

## BREACH OF CONTRACT (ANTICIPATORY BREACH)

<u>Essential Elements & Applicable Law</u>

1. "Repudiation or anticipatory breach is a positive and unconditional refusal to perform the contract in the future, expressed either before performance is due or after partial performance."[12] "In Texas, in order to prevail on a claim for anticipatory breach, a Counter-defendant must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party.[13]

2. Absent a specific date for delivery, it is implied into the contract that the services and equipment would be delivered within a reasonable time per TEX. BUS. & COM. CODE § 2.309(a). What constitutes a "reasonable time" to complete performance under a contract of an indefinite term depends on the facts of the case.[14] Determination of what is a reasonable time is a question of fact.[15]

---

[11] *Id.* at ¶ 63.
[12] *CMA-CGM (Am.), Inc. v. Empire Truck Lines, Inc.*, 416 S.W.3d 495, 519 (Tex. App.-Houston [1st Dist.] 2013, pet. denied).
[13] *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (citing *Taylor Publ'g Co. v. Sys. Mktg., Inc.*, 686 S.W.2d 213, 217 (Tex. App.-Dallas 1984, writ ref'd n.r.e.)).
[14] *Metromarketing Servs., Inc. v. HTT Headwear, Ltd.*, 15 S.W.3d 190, 196 (Tex. App.—Houston [14th Dist.] 2000, no pet.)
[15] *WesternGeco, LLC v. Input/Output, Inc.*, 246 S.W.3d 776, 785 n.6 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *also see Gonzalez v. Denning*, 394 F.3d 388 (5th Cir. 2004)("Determination of a reasonable time during which a contract must be performed is a fact question that is not appropriate for determination on summary judgment.")

3.  Upon tender of delivery by the seller, the purchaser has a duty to accept the goods per TEX. BUS. & COM. CODE § 2.301.

4.  Establishing absolute repudiation of an obligation requires "either words or actions by a party that indicate an intention not to perform the contract according to its terms."[16]

Application

1.  What is considered a reasonable time for delivery is a question of fact that cannot be resolved at this stage; however, Counter-plaintiff has alleged that a reasonable time for delivery had not passed and that it is not unusual or uncustomary for the delivery of specialized medical equipment to be delayed beyond estimates.

2.  Following an accord and satisfaction for prior delays on March 23, 2023, and partial delivery by April 5, 2023, but prior to allowing a reasonable time for delivery, the Counter-defendants unequivocally refused to further perform their obligations per the agreement, which included the Counter-defendants' obligation to accept goods when tendered by the Counter-plaintiff.

3.  The Counter-defendants anticipatory breach caused the Counter-plaintiff to suffer damages.

Response to Counter-defendants' 12(b)(6) Motion

4.  Counter-defendants' 12(b)(6) Motion to Dismiss Counter-plaintiff's Counterclaims ("Plaintiffs' Motion") argues that Counter-plaintiff's claim for anticipatory breach should be dismissed because acceptance of goods is not a material non-monetary performance obligation.[17] To the contrary, acceptance is the only material non-monetary performance obligation of the buyer

---

[16] *Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115, 120 (Tex. App. 1984, no writ)
[17] Plaintiffs' Motion at ¶ 5-6

as provided for in TEX. BUS. & COM. CODE § 2.301, which states that it is "the obligation… of the buyer to accept and pay in accordance with the contract".

5.      Counter-defendants' Motion argues that Counter-plaintiff's claim for anticipatory breach should be dismissed because it's "absurd and inviable on its face" because Counter-defendants made payment to Counter-plaintiff.[18] As stated above, under Texas law the buyer is obligated to not only make payment but also to accept the goods.[19]

6.      Counter-defendants suggest that Counter-plaintiff's counterclaims are asserted only to "(a) recovering attorney's fees for defending a breach of contract claim which is not permissible under Texas law and (b) impeding Counter-defendants' ability to fairly and efficiently obtain a final judgment on Counter-defendants' affirmative claims."[20] Under Texas law, a party cannot obtain attorney's fees on a breach of contract unless they have a valid claim, so the counterclaims do not need to be dismissed in order to prevent the Counter-plaintiff from recovering attorney's fees in an impermissible manner.[21] Counter-defendants' Motion failed to allege how Counter-plaintiff's counterclaim will impede their ability to fairly and efficiently obtain a final judgment, and such a conclusory allegation should be disregarded.

7.      Counter-defendants' Motion argues that Counter-plaintiff's claim for anticipatory breach should be dismissed because Counter-defendants' refusal to accept the remaining goods does not substantially impair the value of the contract to Counter-plaintiff because Counter-defendant has already fully paid Counter-plaintiff.[22] This might be a valid argument if Counter-defendant were allowed to keep the full payment however Counter-defendants have demanded

---

[18] Plaintiffs' Motion at ¶ 7
[19] TEX. BUS. & COM. CODE § 2.301.
[20] Plaintiffs' Motion at ¶ 7
[21] Texas Civil Practice and Remedies Code 38.001
[22] Plaintiffs' Motion at ¶ 8

otherwise which undeniably substantively impairs the value of the contract. Further, despite Counter-plaintiff's offer for a refund if Counter-defendants' would return the delivered equipment, Counter-defendant has refused to return the delivered equipment. Counter-defendants' refusal has prevented Counter-plaintiff from being able to find a substitute buyer for the goods, which has caused Counter-plaintiff economic damages and impairment of the value of the contract.

## BREACH OF CONTRACT (FAILURE TO GIVE NOTICE)

### Essential Elements & Applicable Law

8. A breach of contract claim for lack of reasonable notice of termination may be brought pursuant to TEX. BUS. & COM. CODE § 2.309(c) which provides: "Termination of a contract by one party except on the happening of an agreed event requires that reasonable notification be received by the other party, and an agreement dispensing with notification is invalid if its operation would be unconscionable."[23]

9. While no Texas case squarely addresses the issue of reasonable notification in the sale of goods context, other jurisdictions hold that reasonable notification calls for such notification as will give the other party reasonable time to seek a substitute agreement.[24] What constitutes reasonable notice of termination will vary in accordance with the facts and circumstances of each case; therefore, it is a question of fact that cannot be resolved at this state.[25]

### Application

10. Counter-defendants provided no prior notice of termination (much less reasonable prior notice) prior to terminating the parties' agreement based upon an event (the time of delivery)

---

[23] *In Coburn Supply Co., Inc. v. Kohler Co.*, 342 F.3d 372, 376 (5th Cir.2003); *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 136 F.Supp.3d 792, 812 (S.D. Tex. 2015)
[24] *Id*
[25] *Id.*

that was not agreed upon by the parties. This termination caused the Counter-plaintiff to suffer damages.

Response to Counter-defendants' 12(b)(6) Motion

11. Counter-defendants suggest, again, that Counter-plaintiff's counterclaims are asserted only to "(a) recovering attorney's fees for defending a breach of contract claim which is not permissible under Texas law and (b) impeding Counter-defendants' ability to fairly and efficiently obtain a final judgment on Counter-defendants' affirmative claims." Under Texas law, a party cannot obtain attorney's fees on a breach of contract unless they have a valid claim, so it is not necessary for the counterclaims to be dismissed in order to prevent the Counter-plaintiff from recovering attorney's fees in an impermissible manner. Counter-defendants' Motion fails to allege how Counter-plaintiff's counterclaim will impede their ability to obtain a final judgment and such a conclusory allegation fairly and efficiently should be disregarded.

12. Counter-defendants' Motion argues that failure to give reasonable notice prior to termination is not a proper cause of action; however, the Fifth Circuit has recognized that TEX. BUS. & COM. CODE § 2.309(c) provides a cause of action for which a party can obtain a recovery.[26] Contrary to Counter-defendants' Motion, *Coburn Supply Co. Inc. v. Kohler Co.*, 342 F.3d 372 (5th Cir. 2003) does not support Counter-defendants' motion to dismiss. The court in *Cobhurn* overturned the jury verdict by determining that sufficient notice was given as a matter of law, which affirms that sufficient notice is required. It cannot be determined at this stage what will be considered sufficient in this matter. However, since the statute requires 'prior notice,' the absence of any notice seems insufficient as a matter of law.

---

[26] *In Coburn Supply Co., Inc*, 342 F.3d at 376.

13. The Counter-defendants' Motion argues that Counter-plaintiff misinterprets the TEX. BUS. & COM. CODE § 2.309(c) as being a "notice and cure" provision. Counter-plaintiff agrees that it is not. "Notice and cure" involves the duty of one party to provide notice to a breaching party <u>after a breach</u> and then provide a period in which a breaching party may cure the breach. In contrast, TEX. BUS. & COM. CODE § 2.309(c) requires a party to give reasonable notice <u>before a termination</u> and does not alleviate or modify the parties' duties or obligations during the notice period.

14. Counter-defendants' Motion argues that Counter-plaintiff's claim against Counter-defendants for breach of contract involving Counter-defendants' failure to give notice should be dismissed because Counter-plaintiff failed to allege that Counter-plaintiff objected to termination. Plaintiffs' Motion fails to provide a legal basis for their argument that Counter-plaintiff had to object to termination; however, Counter-plaintiff did offer to perform its obligation after Counter-defendants' termination

15. Counter-defendants' Motion argues that Counter-plaintiff's claim against Counter-defendants for breach of contract involving Counter-defendants' failure to give notice should be dismissed because Counter-plaintiff failed to allege what period of notice of termination should have been given. First, Counter-defendants failed to give any prior notice of termination, so determining what would have been a reasonable time for notice is irrelevant for our purposes at this stage. Further, what is considered a reasonable time is a question of fact not subject to dismissal at this stage, and the Counter-defendants' Motion fails to provide a legal basis for their argument that the Counter-plaintiff must allege a period of notice of termination. Nevertheless, Comment 6, which is cited and quoted with approval by the Fifth Circuit in the *Coburn* case, says with respect to Subsection (c): "Parties to a contract are not required in giving <u>reasonable

<u>notification</u> to fix, at peril of breach, a time which is in fact reasonable in the unforeseeable judgment of a later trier of fact. Effective communication of a proposed time limit calls for a response so that failure to reply will make out acquiescence." Thus, it is nonsensical for a party to make up an arbitrary time, so the Counter-plaintiff is not required to allege one in its counterclaim. Even if a date were alleged, it would be like bidding last on the Price is Right. Finally, it should be noted that Official Comment 6 also recommends effective communication of a proposed time limit, which the Counter-defendants failed even to attempt.

16. Counter-defendants' Motion argues that Counter-plaintiff's breach of contract claim against Counter-defendants should be dismissed because Counter-plaintiff failed to allege that Counter-plaintiff has suffered an injury or damage; however, Counter-plaintiff has alleged injury or damages in Opulent Digital Speciates LLC's First Amended Answer to Counter-defendants' First Amended Complaint ("Complaint") and First Amended Counterclaim including the following:

"62. In an effort for Counter-plaintiff to mitigate their damages and recovery the delivered Equipment so that the Equipment could be sold to a substitute buyer, on April 28, 2023, Counter-defendants were informed that Counter-plaintiff would return the purchase money upon the return of the delivered Equipment, which Counter-plaintiff would pay to ship. Counter-defendants have yet to return the delivered equipment, which has prevented Counter-plaintiff from being able to sell the Equipment to a substitute buyer."

"63. Counter-defendants' conduct has eliminated any value Counter-plaintiff had in the parties Agreement and caused Counter-plaintiff to suffer economic loss in the form of lost profits and incidental damages."

17. Finally, the purpose and reasoning behind TEX. BUS. & COM. CODE § 2.309(c) is applicable in this matter. Comment 8 to UCC 2-309 explains that subsection (c) recognizes that the application of principles of good faith and sound commercial practice normally call for such notification of the termination in an ongoing transaction. This coincides with TEX. BUS. & COM. CODE § 1.304, which states: "Every contract or duty within this title imposes an obligation of good faith in its *performance and enforcement*." The statute is designed to protect a party in the position of the Counter-plaintiff in this matter. This protection is necessary because of Counter-defendants' unilaterally terminating the agreement without notice and demand a full refund, plus half a million dollars, which is inconsistent with and constitutes a breach of Counter-defendants' obligation to maintain good faith in both the performance and enforcement of the agreement.

## LEAVE TO AMEND

18. In the event the court finds Counter-plaintiff's counterclaims to be inadequate in any regard, the Counter-plaintiff requests that the court grant Counter-plaintiff leave to amend its counterclaims. The applicable standard for granting leave to amend in the context of a motion to dismiss is provided under Rule 15(a), which provides that courts "should freely give leave [to amend] when justice so requires."[27] The Rule "evinces a bias in favor of granting leave to amend[,]" so courts must have "substantial reason to deny leave to amend[.]"[28] Valid justifications for denying leave to amend include undue delay, bad faith, and dilatory motive.[29]

## PRAYER

19. Counter-plaintiff prays this Court denies Counter-defendants' Motion to Dismiss and for such other and further relief to which Counter-plaintiff may be justly entitled.

---

[27] Fed.R.Civ.P. 15(a)(2).
[28] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (cleaned up).
[29] *Robertson v. Intratek Comput., Inc.,* 976 F.3d 575, 584 (5th Cir. 2020)..

Respectfully submitted,

EaDo Law, PLLC

By: /s/  J. Reese Campbell
    J. Reese Campbell
    Southern District Bar No. 2254986
    Texas Bar No. 24045020
    Email:  reese@eadolaw.com
    3401 Harrisburg Blvd, Suite H2
    Houston, TX 77003
    Tel. (713) 766-8998
    Fax. (713) 347-1880

**ATTORNEY FOR Counter-plaintiff
OPULENT DIGITAL SPECIALISTS LLC**

## CERTIFICATE OF SERVICE

I certify that on the 20th day of November 2023, a true and correct copy of the preceding document was served on all counsel of record for the parties in accordance with the Federal Rules of Civil Procedure.

/s/  J. Reese Campbell
J. Reese Campbell