UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTOINE GROUP DBA ANTOINE DENTAL CENTER, LLC AND BEHZAD NAZARI, DDS | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-2524 |
| OPULENT DIGITAL SPECIALISTS LLC AND AMANN GIRRBACH NORTH AMERICA, LP | § § § § § | |
| *Defendants.* | § | |

**DEFENDANT OPULENT DIGITAL SPECIALISTS LLC'S RESPONSE TO PLAINTIFF'S MOTION TO REOPEN**

Defendant Opulent Digital Specialists LLC's asks the Court to deny Plaintiff Behzad Nazari, DDS's motion to reopen.

INTRODUCTION

1. Plaintiffs are Antoine Group DBA Antoine Dental Center, LLC and Behzad Nazari.

2. Defendant is Opulent Digital Specialists LLC is the sole remaining defendant.

3. On February 12, 2024, Defendant, pursuant to Fed. R. Civ. P. 68, made an offer of judgment to Plaintiffs which Plaintiffs accepted by filing Plaintiff's Request for Judgment on February 15, 2024.

4. On February 15, 2024, the Court rendered final judgment in favor of Plaintiffs.

5. On February 21, 2024, Behzad Nazari filed a pro se "Motion to Reopen Case" on behalf of himself individually and on behalf of Antoine Group, LLC. In his motion, Nazari states that his attorney "lacked the proper authorization or consent from Behzad Nazari to accept" the offer of settlement.

PRO SE CORPORATE REPRESENTATION

6. Antoine Group DBA Antoine Dental Center, LLC is a corporation which may only appear before a court through licensed counsel. *Donovan v. Road Rangers Country Junction*, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam). Behzad Nazari, DDS is not a licensed attorney; therefore, the relief sought in the motion on behalf of Antoine Group DBA Antoine Dental Center, LLC should be denied.

MOTION TO REOPEN UNDER RULE 60(B)

7. Although Plaintiff Nazari's motion did not state under what authority his motion was based, Plaintiffs' motion seeking relief from a final judgment should be considered pursuant to Rule 60(b)(1) as Plaintiff's argument for relief stems from an apparent miscommunication with Plaintiff and Plaintiff's attorney which sounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)

ARGUMENT

8. Plaintiff's motion seeking relief based upon the conduct of Plaintiff's attorney should be denied because "the mistakes of counsel, who is the legal agent of the client, are chargeable to the client." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir.1985) (holding that district court did not abuse its discretion in denying Rule 60 motion). Though perhaps harsh, the United States Supreme Court has noted that "keeping [a] suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Link v. Wabash Railroad Company*, 370 U.S. 626, 647 n. 10 (1962).

9. With regards to vacating judgment pursuant to Rule 60(b) on the basis of counsel's inadvertence has been further addressed by the Fifth Circuit as follows:

"Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the "inadvertent mistake" of counsel. Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. … Rule 60(b) relief will only be afforded in "unique circumstances."

*Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (internal citations omitted). The Edward H. Bohlin Co. court stated that "[i]n fact, a [district] court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." Id. (*citing Knapp v. Dow Corning Corp.,* 941 F.2d 1336, 1338 (5th Cir. 1991)). The Fifth Circuit also recognized the effect of this rule when the plaintiff cannot re-file his or her claims: "[w]hile we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client, as the Supreme Court noted in Link, is to seek malpractice damages from the attorney." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 289 (5th Cir. 1985) (*citing Link*, 370 U.S. 626, 634 n. 10).

10. Plaintiff has failed to allege a mistake, inadvertence, surprise, or excusable neglect for which he may obtain relief; therefore, his motion should be denied.

## NO SUPPORTING EVIDENCE

11. Plaintiff has failed to provide any supporting evidence of his claim; therefore, his motion should be denied.

## CONCLUSION

12. For these reasons, Defendant Opulent asks the Court to deny Plaintiff's motion to reopen.

Respectfully submitted,

EaDo Law, PLLC

/s/ J. Reese Campbell
J. Reese Campbell
Southern District Bar No. 2254986
Texas Bar No. 24045020
Email: reese@eadolaw.com
3401 Harrisburg Blvd, Suite H2
Houston, TX 77003
Tel. (713) 766-8998
Fax. (713) 347-1880

**ATTORNEY FOR DEFENDANT**
**OPULENT DIGITAL SPECIALISTS LLC**

**CERTIFICATE OF SERVICE**

    I certify that on March 20, 2024, a true and correct copy of the foregoing document was served on all Plaintiff and Plaintiff's counsel of record for the parties in accordance with the Federal Rules of Civil Procedure.

/s/ J. Reese Campbell
J. Reese Campbell