# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Antoine Group, LLC, et al. | § | |
|    *Plaintiffs* | § | |
| v. | § | Case No.: 4:23-cv-02524 |
| | § | |
| Opulent Digital Specialists, LLC, et al., | § | |
|    *Defendants.* | § | |

## AGREED MOTION TO CORRECT DEFENDANT'S NAME

Antoine Group, LLC and Behzad Nazari, DDS move this court under Rule 60(a) of the Federal Rules of Civil Procedure for an order correcting a clerical error in the judgment entered in this case on February 15, 2025, changing the name of the judgment debtor to Opulent Digital <u>Specialists,</u> LLC rather than the incorrect name of Opulent Digital <u>Services</u>, LLC as stated in the judgment. Defendant Opulent Digital Specialists, LLC's counsel has indicated that Defendant is in agreement with this motion.

## AUTHORITY

A trial court may correct "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. Proc. 60(a). An incorrect name is a "classic clerical error" under Rule 60(a).[1] Courts have specifically corrected "Services" and similar corporate phrases.[2]

---

[1] *Telcoenergy Corp. v. McLaughlin (In re McLaughlin)*, Nos. 10-35641-SGJ-7, 10-03280-SGJ, 2022 Bankr. LEXIS 1607, at *19 (Bankr. N.D. Tex. 2022) ("misnamed Oklahoma entity" was "classic clerical error");

[2] *E.g. Newbold v. Halsted Fin., LLC*, Civil Action No. 3:19-cv-32, 2021 U.S. Dist. LEXIS 260930, at *2 (W.D. Ky. 2021) (correction of "Services" in corporate name). *Jeff Smith Enters., LLC v. BMK Eng'g, Inc.*, 2019 U.S. Dist. LEXIS 227962, 2019 WL 8012419, at *1 (E.D. Va. Jan. 24, 2019) ("Jackson Smith Construction, LLC, and Jeff Smith Enterprises, LLC).

"Every Court of Appeals," including the Fifth Circuit, "has concluded that misnomer correction is a proper application of rule 60(a)."[3]

### A. Procedure

There is no required procedure. Fed. R. Civ. Proc. 60(a) ("The court may do so on motion or on its own, with or without notice.").

### B. Timing

There is no deadline. *See* Fed. R. Civ. Proc. 60(a) ("whenever"). A judgment may be corrected decades after it is signed.[4]

## ARGUMENT

The court should change defendant's name to Opulent Digital Specialists LLC because:

1. The incorrect name in the judgment, Opulent Digital Services, Inc., was typed by mistake. It is not the name of the defendant or apparently of any company in existence.

---

[3] *Martinez v. Dart Trans, Inc.*, 547 F. Supp. 3d 1140, 1149 (D.N.M. 2021) (citing Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2854; *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1200 (5th Cir. 1990) (wrong first name); *Leone v. GM, LLC*, No. 16-6830, 2017 U.S. Dist. LEXIS 172845, at *5 (E.D. La. 2017) (omission of defendant's name from judgment); *Kennedy Marr Offshore Sing. PTE LTD. v. Techcrane Int'l*, No. 12-1985, 2013 U.S. Dist. LEXIS 150201, at *7 n.28 (E.D. La. 2013) (omission of "complete and legal name"); *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 516-17 (6th Cir. 2016) (incorrect LLC name; *Robinson v. Sanctuary Music*, 383 F. App'x 54, 57 (2d Cir. 2010) ("Sanctuary Music" changed to "Sanctuary Records Group, Ltd., and Sanctuary Copyrights, Ltd."); *Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 325-26 (2d Cir. 1973) (omitting corporation name). *See Jackson v. Duke*, 259 F.2d 3, 7 (5th Cir. 1958) (incorrect first name); *Grandey v. Pac. Indem. Co.*, 217 F.2d 27, 29 (5th Cir. 1954) (omission of "Insurance Company").

[4] *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 679 (7th Cir. 2003) (17 years); *Chavez v. Balesh*, 704 F.2d 774, 776 (5th Cir. 1983) (3 months).

2. Opulent Digital Specialists LLC is the entity that was sued. Doc. 1. *See* caption above ("Antoine Group, LLC, et al., Plaintiffs v. Opulent Digital Specialists, LLC, et al.").

3. Opulent Digital Specialists, LLC is the entity that appeared and defended this action.

   - Answer, Doc. 9 ("Defendant Opulent Digital Specialists, LLC files this notice of appearance . . . .");
   - Defendant Opulent Digital Specialists LLC's Certificate of Interested Parties, Doc. 14 ("Opulent Digital Specialists, LLC is a California limited liability company whose members include Jose Jesse Zamarripa and Holly Brent . . . .");
   - Defendant Opulent Digital Specialists, LLC's Answer, Doc. 15.
   - Counter-Plaintiff Opulent Digital Specialists, LLC's Response, Doc. 23.

4. Opulent Digital Specialists, LLC signed the agreement that is in dispute in this action. Joint Case Management Plan, Doc. 16 ("Plaintiffs contracted with Opulent Digital Specialists, LLC . . . ."); Complaint, Doc 12 ¶ 12 (same); Answer, Doc. 21 ¶ 45 (same).

## CONCLUSION

For the above reasons, the Court should enter the attached corrected judgment.

Respectfully submitted,

PARKER & SANCHEZ, PLLC

/s/ C. Anderson Parker
Charles R. Parker
Federal Bar # 2314
charlie@parkersanchez.com
C. Anderson Parker
Andy@parkersanchez.com
Federal Bar # 567726
Cooke Kelsey
Cooke@parkersanchez.com
Federal Bar # 2896155
Parker & Sanchez PLLC
700 Louisiana St., Suite 2700
(713) 659-7200 (P)

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that I was able to confer with defense counsel about this motion and he is in agreement with this motion.

*/s/ C. Anderson Parker*_____
C. Anderson Parker