**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Antoine Group, LLC, et al.** | § | |
|     **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 4:23-cv-02524** |
| **Opulent Digital Specialists, LLC, et al.** | § | |
|     **Defendant** | § | |

### DECLARATION OF PAUL K. BROWDER
### UNDER CPRC §132.001.

    "1.    My name is Paul K. Browder. I am over 18 years of age, of sound mind, capable of making the declarations below, and personally acquainted with the facts declared. My address is 901 S. Mopac Expy., Bldg. 5, Ste. 200, Austin, Texas 78746. I declare under penalty of perjury that the following is true and correct.

    "2.    I have been acting as Plaintiffs' counsel since the Judgment was signed in this matter and have been tasked with collecting the Judgment entered against the Defendant herein. The Request for Production attached at Exhibit A to Plaintiffs' Motion to Compel are true and correct copies of those between Reese Campbell and me. The emails at Exhibit B of the Motion to Compel were sent in an attempt to resolve the lack of production at issue in the Motion to Compel.

    "3.    I will have expended 8 hours preparing the emails at Exhibit B, attempting to call Defendant's counsel as well as drafting this motion and affidavit, researching hourly rates throughout the State of Texas, preparing an order, travelling to Houston for the hearing and attending a hearing on the motion. My hourly rate charged to Plaintiffs is $400.00, which is reasonable considering the following factors: The time and labor involved, the nature and complexity of the case, the amount of money and the value of the interest involved, the extent of the responsibility assumed by the attorney, whether other employment was lost because of the undertaking, the benefits resulting to the client from the services, the fee customarily charged in the locality for similar legal services, and the skill, reputation and experience of the lawyers who performed the service, which include mine to date. It is my opinion that $3200.00 is a reasonable and necessary fee for prosecuting Plaintiffs' Motion to Compel Responses to Request for Production in Aid of Judgment and Production of Documents to Compel.

    "4.    Here, Plaintiffs' case is a collection matter that is significant to the client and requires Defendant's attention. The discovery at issue in Plaintiffs' Motion to Compel is appropriately significant and complex, inquiring into underlying accounting matters as well as assets and bank accounts available to satisfy the judgment. This inquiry is extensive and

necessary to give the Plaintiffs the best opportunity to collect the funds the Court has found they are due.  I attempted to resolve the discovery dispute via email and by telephone but received neither a response nor any documents.  Therefore, I was required to file the Motion to Compel.

"5.	The benefit to Plaintiffs of the discovery is significant since it is collecting damages in excess of $100,000.00.

"6.	I have been practicing civil litigation in Austin, Texas since graduating from the University of Texas School of Law in 1986.  This rate is confirmed by the Texas State Bar's 2015 'Hourly Rate Sheet,' – attached as Exhibit D– of which courts routinely take judicial notice when judging the reasonableness of attorneys' fees.[1]  The Rate Sheet reveals that the median hourly rate in 2015 was (a) $300.00 an hour for *all* attorneys in Austin;[2,3]  Moreover, the median hourly rate for attorneys' over 25 years of experience in Austin in 2015 was $306.00; the level of my experience, now.[4]  Again, these are median numbers for 2015.  Because it is now 2024, those rates have increased based on my knowledge of rates charged in the area.  I routinely charge $400.00 an hour to current clients.  To this extent, the rate used for estimating expenses is reasonable.

Executed in Travis County, State of Texas, on the 1st day of August, 2024.

/s/ Paul K. Browder_____
Paul K. Browder

---

[1]  *E.g.* **Rouse v. Target Corporation**, 181 F.Supp.3d 379, 385-386 (S.D.Tex. 2016) (taking "judicial notice of the Texas State Bar's 'Hourly Fact Sheet,' . . . which shows that the median hourly rate is . . ."); and **American Zurich Insurance Company v. Jasso**, 2013 WL 11301116, 2-3 (W.D.Tex. 2013) (citing 2011 version).
[2]  *See* p.001134.
[3]  *See* pp.001135-001136.
[4]  *See* p.001138.